THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NEIL SCOTT MACDONNELL, <br><br> Plaintiff, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC d/b/a/ MR. COOPER and ROCKET MORTGAGE, LLC, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MACDONNELL'S MOTION TO REMAND** <br><br> Case No. 4:26-cv-00049-DN-PK <br><br> District Judge David Nuffer |

Plaintiff Neil Scott MacDonnell filed this matter in the Fifth Judicial District Court, Washington County, State of Utah ("Fifth Judicial District") seeking declaratory relief and equitable relief regarding the enforcement of his $319,000 mortgage.[1] Defendants Nationstar Mortgage LLC and Rocket Mortgage LLC (collectively "Rocket Mortgage") removed this case from the Fifth Judicial District based on diversity jurisdiction.[2] Mr. MacDonnell moves to remand[3] ("Motion") back to the Fifth Judicial District pursuant to 28 U.S.C § 1447(c).

Rocket Mortgage opposes the Motion arguing that Mr. MacDonnell "elevates form over substance" to exploit a "procedural defect [that] does not involve the subject matter jurisdiction of the court."[4] A review of all timely filed memoranda has been completed. Because Mr. MacDonnell failed to establish a legally recognized basis for remand, the Motion is DENIED.

---

[1] Exhibit A to Notice of Removal at 2, Amended Complaint for Declaratory and Injunctive Relief, docket no. 1-2, filed May 1, 2026.

[2] Notice of Removal, docket no. 1, filed May 1, 2026.

[3] Motion to Remand to State Court Fifth Judicial District Court ("Motion"), docket no. 10, filed May 13, 2026.

[4] Rocket Mortgage's Opposition to Plaintiff's Motion to Remand ("Opposition"), docket no. 13, filed May 29, 2026.

# 1    BACKGROUND

Mr. MacDonnell owns and resides at a property in Hurricane, UT.[5] Nationstar Mortgage LLC was a Delaware limited liability company ("LLC") authorized to do business in Utah.[6] On February 19, 2026, Nationstar merged into Rocket Mortgage LLC and has since ceased to exist.[7] Rocket Mortgage assumed all Nationstar's obligations and liabilities.[8] Rocket Mortgage is a Delaware LLC with a principal place of business in Detroit, Michigan.[9] Rocket Mortgage is authorized to do business in Utah and has listed C T Corporation System as its registered agent for service of process .[10]

On May 5, 2023, Mr. MacDonnell obtained a loan in the principal amount of $319,000 from Lower, LLC DBA Homeside Financial ("Lower LLC").[11] Mr. MacDonnell is current and in good standing on his mortgage.[12] On May 8, 2023, a Deed of Trust was secured naming the Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary of the Deed.[13] At some point, Rocket Mortgage acquired Nationstar.[14] The merger between the two entities became effective February 2, 2026, with Nationstar ceasing to exist as a separate legal entity under 6 Delaware Code Section 18-209(e).[15] On April 6, 2026, Mr. MacDonnell filed an Amended

---

[5] Exhibit A to Notice of Removal ¶ 1, at 1.

[6] *Id*. ¶ 2, at 1.

[7] *Id*.

[8] *Id*.

[9] *Id*. ¶ 3, at 2-3.

[10] *Id*. ¶ 3, at 3; *Rocket Mortgage, LLC*, Utah Div. of Corps. & Com. Code, https://businessregistration.utah.gov/EntitySearch/BusinessInformation (last visited June 8, 2026).

[11] *Id*. ¶ 8, at 2.

[12] Id. ¶ 35, at 8.

[13] *Id*. ¶ 9, at 2.

[14] Notice of Removal at 1, n.1.

[15] Opposition at 4.

Complaint with the Fifth Judicial District.[16] Rocket Mortgage was served on April 10, 2026, and filed to remove on May 1, 2026.[17]

## 2    DISCUSSION

"The federal removal statute, 28 U.S.C. § 1441, permits a defendant to remove to federal court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'"[18] Rocket Mortgage removed this case from state court based on diversity jurisdiction under 28 U.S.C. § 1332.[19] "[T]o invoke diversity jurisdiction, a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."[20] "In an action seeking declaratory and injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation.'"[21]

The facts are not in dispute here; only the law. The assertions in Rocket Mortgage's Notice of Removal (which mirrors the allegations of Mr. MacDonnell's Complaint[22]) are sufficient to establish diversity jurisdiction. Mr. MacDonnell is from the state of Utah.[23] Rocket Mortgage is an LLC that was incorporated in the state of Delaware[24] and has a principal place of business in the state of Michigan.[25] Mr. MacDonnell seeks a declaratory and equitable relief

---

[16] *Id*. at 1.

[17] *Id*. at 2.

[18] *Dutcher v. Matheson*, 733 F.3d 980, 984-985 (10th Cir. 2013) (quoting 28 U.S.C. § 1441).

[19] Notice of Removal ¶ 3, at 1.

[20] *Morrisett v. Greyhound Lines, Inc.*, No. 4:22-CV-00003-DN, 2022 WL 671209 (D. Utah Mar. 7, 2022) (citing *Dutcher*, 733 F.3d at 987); 28 U.S.C. § 1332(a).

[21] *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1126 (10th Cir. 2021) (citing *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006)).

[22] Exhibit A to Notice of Removal.

[23] *Id*. ¶ 1, at 1.

[24] *Id*. ¶ 3, at 2-3.

[25] *Id*.

regarding his mortgage that is in excess of $319,000.[26] Rocket Mortgage timely filed the Notice of Removal within 30 days after its receipt of Plaintiff's Complaint.[27] Therefore, the case's removal was both jurisdictionally and procedurally proper.

However, Mr. MacDonnell raises some creative and interesting legal arguments: (1) Nationstar was not a proper defendant because it had ceased to exist; (2) Rocket Mortgage's removal violates the Unanimous Consent requirement; (3) the timing of removal suggests avoidance of state court response. Rocket Mortgage has responded to each of these arguments respectively. Each of these arguments are addressed in turn.[28]

### 2.1 Any Procedural Defect That May Exist is Immaterial

Mr. MacDonnell says this case should be remanded to the Fifth Judicial District because of one procedural defect: Nationstar does not exist and is therefore not a defendant in this case.[29] Rocket Mortgage correctly points out that this argument is immaterial: "As Nationstar's successor by merger, Rocket assumed all of Nationstar's rights, obligations, and litigation position by operation of Delaware law. Rocket filed the Notice of Removal and Motion to Dismiss in both capacities, satisfying all statutory requirements."[30]

"The Tenth Circuit has made clear that a procedural defect in removal does not involve the subject matter jurisdiction of the court."[31] If such a procedural defect exists it is immaterial. Both parties agree that Nationstar no longer exists;[32] both parties agree Rocket Mortgage is the

---

[26] *Phelps*, 5 F.4th at 1126.

[27] Notice of Removal at 4.

[28] Motion 3-6.

[29] Motion at 3.

[30] Opposition at 2.

[31] *B & H Constr. v. Ted L. Parker & Assocs.*, No. CV 99-549 WJ/RLP, 2002 WL 35650036, at *1 (D.N.M. Mar. 28, 2002) (citing *Huffman v Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999)).

[32] Motion ¶ 22, at 3; Opposition at 6.

proper defendant;[33] and Rocket Mortgage is the one who removed this case.[34] Any existing procedural defect here could be cured by simply removing Nationstar as a defendant. Mr. MacDonnell is the party who named Nationstar a defendant. He can hardly defeat removal based on his own error.

### 2.2   The Unanimous Consent Requirement

"It is true that all of the defendants must consent to removal . . . [b]ut the lack of unanimous consent is a procedural defect, not a jurisdictional defect."[35] Mr. MacDonnell's argument puzzlingly claims unanimous consent was never reached because that Nationstar does not exist and therefore cannot consent.[36]

Federal courts have addressed this directly: "[t]he removing defendants did not need consent from a nonexistent entity to properly remove this action to federal court ... and the rule of unanimity was not violated."[37] If Nationstar no longer exists, its consent is unnecessary.

### 2.3   Rocket Mortgage Did Not Need to Respond to the State Court

Mr. MacDonnell's final argument contends that Rocket Mortgage's removal was improper because it fell on the same day its state court answer was due.[38] Mr. MacDonnell argues that Rocket Mortgage removed to avoid answering the complaint. The Tenth Circuit has rejected this reasoning: "Forbidding defendants from removing based on their failure to meet the state-court answer deadline would effectively require federal courts to follow an approach

---

[33] Motion ¶ 23, at 3; Opposition at 5.

[34] Notice of Removal.

[35] *Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004) (*citing Wisc. Dep't of Corr. v. Schacht,* 524 U.S. 381, 393, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); and *Cornwall v. Robinson,* 654 F.2d 685, 686 (10th Cir.1981)).

[36] Motion ¶¶ 24-26, at 3-4.

[37] *Aquino v. C.R. Bard, Inc.*, No. 18 C 5291, 2018 WL 5717423, at *3 (N.D. Ill. Nov. 1, 2018) (citing *Shannon v. GfK Custom Research LLC*, 2013 WL 2395009, at *3-4 (E.D. Mo. May 30, 2013)).

[38] Motion ¶ 9, at 2.

Congress abandoned in 1948."[39] Congress set the deadline to remove at 30 days.[40] The state of Utah has set the deadline to answer at 21 days.[41] The mismatch between federal and state deadlines is a feature of the systems, not a defect.

### 2.4   A Pro Se Litigant May Not Recover Attorneys' Fees

Mr. MacDonnell, a pro se litigant, asks for attorney's fees and costs because "there was no objectively reasonable basis for removal here."[42] Rocket Mortgage opposes saying "[Mr. MacDonnell] points to no specific conduct lacking a reasonable basis and identifies no authority supporting a fee award."[43]

"A *pro se* litigant is not entitled to attorney's fees"[44] This is because "[a] party must first incur attorney fees before he or she is entitled to an attorney-fee award."[45] Mr. MacDonnell has the right to hire an attorney, but chose to proceed pro se. By proceeding pro se Mr. MacDonnell did not incur attorney's fees and is therefore ineligible for an award.

### 3   ORDER

IT IS HEREBY ORDERED that Mr. MacDonnell's Motion to Remand[46] is DENIED.

Signed June 8, 2026.

BY THE COURT

David Nuffer, United States District Judge

---

[39] *Davalos v. Gossett*, No. 23-1024, 2023 WL 6232257, at *3 (10th Cir. Sept. 26, 2023).

[40] *Id*. at *3.

[41] Utah R. Civ. P. 12(a).

[42] Motion ¶ 43, at 5.

[43] Opposition at 6.

[44] *Shabazz v. Johnson*, 13 F.3d 406, n.2 (10th Cir. 1993) (citing *Kay v. Ehrler,* 111 S.Ct. 1435, 1436-37 (1991)).

[45] *UFCW Loc. 880-Retail Food Emps. Joint Pension Fund v. Newmont Min. Corp.*, 352 F. App'x 232, 238 (10th Cir. 2009).

[46] Motion to Remand to State Court Fifth Judicial District Court ("Motion"), docket no. 10, filed May 13, 2026.