THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NEIL SCOTT MACDONNELL, <br><br> Plaintiff, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC d/b/a/ MR. COOPER and ROCKET MORTGAGE, LLC, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING IN FULL JUDGE KOHLER'S REPORT AND RECOMMENDATION** <br><br> Case No. 4:26-cv-00049-DN-PK <br><br> District Judge David Nuffer |

The Report and Recommendation[1] ("R & R") issued by United States Magistrate Judge Paul Kohler on June 16, 2026, recommends "that the Court remand this matter to state court" in lieu of granting Defendants Nationstar Mortgage LLC ("Nationstar") and Rocket Mortgage LLC's (collectively "Rocket Mortgage") pending Motion to Dismiss for Failure to State a Claim ("Motion").[2] The parties were notified of their right to file objections to the R & R within 14 days of its service pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.[3] On June 19, 2026, Plaintiff Neil Scott MacDonnell filed an objection to Judge Kohler's R & R in its entirety ("Objection").[4] Rocket Mortgage, successor to Nationstar, does not object to the R & R.

De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection was made, and of the record that was before Judge

---

[1] Report and Recommendation ("R & R"), docket no. 17, filed June 16, 2026.

[2] Motion to Dismiss for Failure to State a Claim ("Motion"), docket no. 8, filed May 8, 2026.

[3] R & R at 10.

[4] Objection to Report and Recommendation ("Objection"), docket no. 18, June 19, 2026.

Kohler and the reasoning set forth in the R &R.[5] For the reasons stated below, the R & R is

ADOPTED IN FULL.

## 1 Contents

2      DISCUSSION ............................................................................................................... 2

    2.1      As Mr. MacDonnell is Current on His Loan There is No Federal Subject Matter
           Jurisdiction. ............................................................................................................ 4

    2.2      The Proper Remedy Is Remand ........................................................................... 7

3      ORDER ...................................................................................................................... 10

## 2   DISCUSSION

Under 28 U.S.C. § 636(b)(1)(C), when a party files an objection to an R & R issue under

a referral made under § 636(b)(1)(B), the district judge "shall make a de novo determination of

those portions of the report or specified proposed findings or recommendations to which

objection is made. [The district judge] may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge."[6]  In the absence of timely

objections, "the court need only satisfy itself that there is no clear error on the face of the record

in order to accept the recommendation."[7]

Mr. MacDonnell previously moved to Remand ("Motion to Remand") asking to send this

case back to the Fifth Judicial District Court in and for Washington County, Utah pursuant to 28

U.S.C § 1447(c).[8] Mr. MacDonnell's Motion was subsequently denied[9] after it was determined

that Rocket Mortgage's "Notice of Removal . . . [is] sufficient to establish diversity

jurisdiction."[10]

---

[5] 28 U.S.C. § 636(b).

[6] 28 U.S.C. § 636(b)(1)(C).

[7] Fed. R. Civ. P. 72, Advisory Committee Notes.

[8] Motion to Remand to State Court Fifth Judicial District Court ("Motion to Remand"), docket no. 10, filed May 13, 2026.

[9] *MacDonnell v. Nationstar Mortg. LLC*, No. 4:26-CV-00049-DN-PK, 2026 WL 1660424 (D. Utah June 9, 2026).

[10] *Id*. at *2.

After the denial of Mr. MacDonnell's Motion to Remand, Judge Kohler issued his R & R in response to Defendants' Motion to Dismiss, recommending remand on grounds other than those relied on by Mr. MacDonnell in his Motion to Remand. Judge Kohler recommends "the proper remedy is remand"[11] because Mr. MacDonnell's claims are "insufficient to establish standing."[12]

> Plaintiff [] asserts that the April 2025 demand letter clouds his title and that "[a] cloud on title is a present injury, independent of any future foreclosure proceeding." . . . The April 2025 demand letter does not qualify as such. Moreover, even if the demand letter were sufficient to cloud Plaintiff's title, he has failed to allege any injury resulting therefrom. Instead, the demand letter merely reaffirmed the obligations set out in the promissory note. This is insufficient to establish standing.[13]

Though Mr. MacDonnell originally moved for remand, and Judge Kohler recommends remand to resolve the Motion to Dismiss, Mr. MacDonnell now objects. Mr. MacDonnell makes four objections to the R & R. Mr. MacDonnell's first two objections address Judge Kohler's recommendations regarding subject matter jurisdiction and remand:

(1)    Mr. MacDonnell argues that he has standing because the demand letter creates a cloud on title; and

(2)    Mr. MacDonnell argues that Judge Kohler's finding that McDonnell lacks Article III standing is not necessary to support remand. [14]

Mr. MacDonnell's other objections will not be addressed because Judge Kohler is correct that there is a lack of subject matter jurisdiction and that remand is the proper remedy. Without subject matter jurisdiction, and in the face of a required remand, this order cannot adjudicate anything more.

---

[11] R & R at 8.

[12] *Id.*

[13] *Id.*

[14] Objection at 2-7.

3

### 2.1 Because Mr. MacDonnell is Current on His Loan There is No Federal Subject Matter Jurisdiction.

Judge Kohler recommended remand after determining Mr. MacDonnell's claims lacked subject matter jurisdiction because "[a]ll of Plaintiff's claims are based on events that have not and may not happen."[15] Judge Kohler noted "[Mr. MacDonnell] admits in his Complaint that he is current on his payment obligations, that his loan is in good standing, and that there are no past-due payments."[16] Mr. MacDonnell's good standing on his mortgage was also noted previously.[17] Mr. MacDonnell objects, asserting "[t]he [April 7, 2025] demand letter, recorded in the chain of title, asserts an enforceable interest adverse to Plaintiff. It remains in the public record."[18] Mr. MacDonnell's objection is rejected by case law both in and out of this district.

This case is at its core a dispute about servicing transfers which occur under the Mortgage Electronic Registration System ("MERS").[19] MERS actions spread across the country, in both state and federal courts, following the 2008 financial crash.[20] MERS actions usually challenge whether MERS has the authority to foreclose on a home in Utah without having a position of record or going to court. The deed of trust (the loan document) gives MERS the right to act on the lender's behalf, including appointing a new trustee and starting foreclosure if the borrower defaults on payments. MERS is a proper party to foreclose under Federal Rule of Civil

---

[15] R & R at 6.

[16] *Id.*

[17] *MacDonnell*, 2026 WL 1660424, at *1.

[18] Objection at 2. The April 7, 2025, letter is included as PageID 87 in the materials included with the state court Amended Complaint for Declaratory and Injunctive Relief ("Complaint") attached as Exhibit A to the Notice of Removal, docket no. 1-2, filed May 1, 2026. There is no evidence that the April 2025 letter was recorded in the chain of title.

[19] Complaint ¶ 9, at 2.

[20] *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 775–79 (9th Cir. 2014) (collecting cases).

Procedure 17(a)(1)(F).[21] Because over ten years have passed since MERS actions flooded American courts, the case law on subject matter jurisdiction in a MERS action is well established nationally.

In *Fontaine v. JPMorgan Chase Bank*, then Judge Ketanji Brown Jackson dismissed for a materially identical claim where a *pro se* mortgagor who was current on her payments sought to litigate claims of "injunction, damages, and declaratory relief."[22] The Plaintiff in *Fontaine* filed a complaint, in advance of any default, claiming that defects in the assignment and securitization of her note deprived the mortgage holder of authority to foreclose.[23] Judge Jackson held that because the Plaintiff "raise[d] only the specter of potential foreclosure," her claim rested on a "purely hypothetical" injury insufficient for Article III standing.[24] Judge Jackson dismissed the complaint lack of subject matter jurisdiction stating "this Court has no jurisdiction to enjoin Defendants from engaging in a hypothetical future foreclosure."[25]

This case is like *Commonwealth Property Advocates v. CitiMortgage, Inc.* from this district.[26] In *CitiMortgage*, Judge Clark Waddoups confronted the same procedural posture presented here. The plaintiff's motion to remand was countered by a defendant's motion to dismiss, both arising from materially similar securitization-based theories. The plaintiff in *CitiMortgage* had obtained a quitclaim deed from a defaulting borrower and sued to block

---

[21] *Marty v. Mortg. Elec. Registration Sys.*, No. 1:10-CV-00033-CW, 2010 WL 4117196, at *8 (D. Utah Oct. 19, 2010); *Burnett v. Mortg. Elec. Registration Sys.*, Inc., No. 1:09CV00069DAK, 2009 WL 3582294 (D. Utah Oct. 27, 2009), *aff'd on other grounds*, 706 F.3d 1231 (10th Cir. 2013); Joshua J. Card, Homebuyer Beware Mers and the Law of Subsequent Purchasers, 77 Brook. L. Rev. 1633 (2012).

[22] *Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 109 (D.D.C. 2014).

[23] *Id*. at 103-04, 108.

[24] *Id*. at 108-09.

[25] *Id*. at 111.

[26] *Commonwealth Property Advocates v. CitiMortgage, Inc.*, No. 2:10-CV-00885-CW, 2011 WL 98491, at *1 (D. Utah Jan. 12, 2011).

foreclosure, arguing that defects in the assignment and securitization of the underlying note stripped the lender of authority to foreclose.[27] Judge Waddoups denied the motion to remand as frivolous and granted the motion to dismiss on every claim, rejecting the plaintiff's theory that securitization severs a lender's enforcement rights under the trust deed.[28] On the quiet title claim, Judge Waddoups was explicit about what actually clouds title: the predecessor-borrower was "still in default on the loan and it is this that clouds title," not any defect in the chain of assignments.[29]

Both *Fontaine* and *CitiMortgage* confirm that to establish standing in a MERS action a concrete, present injury tied to actual default is required. These courts did not entertain challenges to a lender's paperwork. Both rejected efforts to litigate hypothetical foreclosure authority in advance of any default. Mr. MacDonnell, who remains current on his obligation,[30] cannot manufacture a case out of a servicer's letter.

Courts across this country agree that when a debt is "now current and all back payments have been made" than "there is no longer a justiciable case or controversy between" the parties.[31] Mr. MacDonnell argues the April 2025 letter itself is a "cloud on title" and a stain on his ownership rights, regardless of any future foreclosure.[32] That is precisely the "preemptive strike against the mere possibility of future default" that *Fontaine* held non-justiciable.[33]

---

[27] *Id.* at *1-2.

[28] *Id.* at *2, *4.

[29] *Id.* at *4 (quoting *Marty*, 2010 WL 4117196, at *28).

[30] R & R at 6; Complaint ¶ 35, at 8; *MacDonnell*, 2026 WL 1660424 at *1, n.12.

[31] *Fleming v. Worker's Comp. Comm'n of Virginia*, 78 F.3d 578 (4th Cir. 1996) (*quoting S1 v. Spangler,* 832 F.2d 294, 297 & n. 1 (4th Cir.1987)) (internal citations omitted); *Crane v. Native Am. Air Ambulance, Inc.,* No. CV06 092 TUC FRZ HCE, 2007 WL 625917 (D. Ariz. Feb. 23, 2007); *Media Space, Inc. v. Comm'r*, 477 F. App'x 857 (2d Cir. 2012); *Fadeley v. Chase Mortg. Bank*, No. 6:13-CV-648-PA, 2013 WL 3929779 (D. Or. July 29, 2013).

[32] Objection at 2.

[33] *Fontaine.* 42 F. Supp. 3d at 104.

The April 2025 letter just told Mr. MacDonnell he was behind and needed to catch up,[34] which he did.[35] The April 2025 letter claimed no competing ownership interest in Mr. MacDonnell's house. In *Fontaine*, the homeowner made a similar argument about the paperwork tied to her mortgage. Judge Jackson did not find standing, because nothing in those documents hurt the plaintiff. Judge Jackson believed the harm would only occur if the lender later tried to use those documents to foreclose.[36]

Mr. MacDonnell remains current on his loan and the April 2025 letter asserted no competing ownership interest in his property. His claims rest on the same purely hypothetical injury that doomed the plaintiffs in *Fontaine* and *CitiMortgage*. Absent a concrete, present injury tied to actual default, Judge Kohler is correct that there is no federal subject matter jurisdiction over Mr. MacDonnell's claims.

## 2.2   The Proper Remedy Is Remand

Under 28 U.S.C. § 1447(c) "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[37] "The plain language of § 1447(c) gives 'no discretion to dismiss rather than remand an action removed from state court over which the court lacks subject-matter jurisdiction.'"[38] "[U]nlike jurisdictional defects (which cannot be waived and can

---

[34] R & R at 8.

[35] R & R at 6; Complaint ¶ 35, at 8; *MacDonnell,* 2026 WL 1660424 at *1, n.12.

[36] *Fontaine*, 42 F. Supp. 3d at 103.

[37] 28 U.S.C. § 1447(c).

[38] *Fent v. Oklahoma Water Res. Bd*., 235 F.3d 553, 557–58 (10th Cir. 2000) (*International Primate Protection League v. Administrators of Tulane Educational Fund,* 500 U.S. 72, 89(1991)).

be raised *sua sponte* by the court), courts lack authority to remand *sua sponte* for procedural defects, and the parties can waive such defects by failing to raise them in a timely manner."[39]

Judge Kohler *sua sponte* recommends[40] what courts across this country[41] have already found: if "Plaintiff is [] in default on the loan . . . it is this that clouds any title owned by Plaintiff."[42] After this finding, remand is compelled by statutory authority[43] and binding case law.[44] Yet, Mr. MacDonnell still objects.[45]

Mr. MacDonnell makes two sub-arguments: (1) that remand should be based on removal defect (raised in his already-denied[46] Motion to Remand); and (2) a finding of lack of standing could prejudice him in the state court.[47] The first sub-argument is an attempt to revive his Motion to Remand. Therefore, only the second sub-argument will be addressed, because it was not raised previously.

---

[39] *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) (*citing Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014)).

[40] R & R at 8.

[41] *Shingleton v. BAC Home Loans Servicing*, No. 2:11-CV-571-DB-SA, 2011 WL 6003125 (D. Utah Nov. 3, 2011), *report and recommendation adopted*, No. 2:11-CV-571, 2011 WL 6005278 (D. Utah Nov. 30, 2011); *Heaton v. Am. Brokers Conduit*, No. 2:11-CV-531 TS, 2011 WL 3734201 (D. Utah Aug. 24, 2011), *aff'd*, 496 F. App'x 873 (10th Cir. 2012); *Angell v. Freedom Mortg. Corp.*, No. 2:16-CV-0192-SWS, 2016 WL 9453335 (D. Wyo. Sept. 8, 2016); Spreitzer v. Woodall, No. 1:12-CV-00206-ABJ, 2014 WL 824274 (D. Wyo. Mar. 3, 2014), *aff'd sub nom. Spreitzer v. Deutsche Bank Nat. Tr. Co.*, 610 F. App'x 737 (10th Cir. 2015); *Warren v. Wells Fargo & Co.*, No. 316CV2872CABNLS, 2017 WL 4876212 (S.D. Cal. Oct. 27, 2017); *Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 109 (D.D.C. 2014); *Fadeley v. Chase Mortg. Bank*, No. 6:13-CV-648-PA, 2013 WL 3929779 (D. Or. July 29, 2013).

[42] *Marty*, 2010 WL 4117196, at *8.

[43] 28 U.S.C. § 1447(c).

[44] *Fent*, 235 F.3d at 557–58.

[45] Objection at 4-5.

[46] *MacDonnell*, 2026 WL 1660424 at *3.

[47] *Id*.

Mr. MacDonnell's second sub-argument that a finding of lack of standing could prejudice him in the state court is precluded by binding authority,[48] and Mr. MacDonnell cites no contrary authority. Nor is Mr. MacDonnell's argument that he will be prejudiced convincing. Judge Kohler's recommendation is based on an analysis of Article III standing.[49] The Supreme Court has consistently held that "the constraints of Article III do not apply to state courts."[50] The Supreme Court of Utah has also acknowledged that "[A]rticle III constitutional restrictions and federalistic prudential considerations that have guided the evolution of federal court standing law are not necessarily relevant to the development of the standing rules that apply in Utah's state courts."[51]

Remand is not just the right outcome here; it is the only outcome.[52] Mr. MacDonnell wants remand based on the procedural defects that he created.[53] Mr. MacDonnell has not cited a case that is contrary to the R & R.[54] Federal standing rules do not control Utah state courts. Mr. MacDonnell previously asked to send his case back to state court.[55] He now has what he asked for, though not with the reasoning he wanted. Whether Utah's more relaxed standing rules give his claims new life is a question for the state court to decide, not this one.

---

[48] 28 U.S.C. § 1447(c); *Fent*, 235 F.3d at 557-58.

[49] R & R at 4.

[50] *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617, 109 S. Ct. 2037, 2045, 104 L. Ed. 2d 696 (1989); *Nike, Inc. v. Kasky*, 539 U.S. 654, 123 S. Ct. 2554, 156 L. Ed. 2d 580 (2003).

[51] *Provo City Corp. v. Willden*, 768 P.2d 455, 456 (Utah 1989).

[52] 28 U.S.C. § 1447(c); *Fent*, 235 F.3d at 557–58.

[53] *MacDonnell*, 2026 WL 1660424, at *2.

[54] Objection at 4-5.

[55] *MacDonnell*, 2026 WL 1660424, at *2.

## 3    ORDER

IT IS HEREBY ORDERED that Magistrate Judge Paul Kohler's Report and Recommendation[56] is ADOPTED IN FULL.

IT IS HEREBY FURTHER ORDERED that:

1.   This matter is REMANDED to the Fifth Judicial District Court in and for Washington County, Utah.

2.   The Clerk is ordered to CLOSE THE CASE.

Signed July 14, 2026.

BY THE COURT

_____
David Nuffer,
United States District Judge

---

[56] Report and Recommendation, docket no. 17, filed June 16, 2026.